**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**NANCY J. FRANZ-MELVILLE,**
      **Plaintiff,**

    v.                                          Case No. 10-C-0727

**AURORA WEST ALLIS MEDICAL**
**CENTER and LARRY CONRAD, Patient**
**Care Manager,**
      **Defendants.**

---

## DECISION AND ORDER

Plaintiff Nancy J. Franz-Melville filed an action pursuant to the Age Discrimination in Employment Act and the Americans with Disabilities Act against her former employers, Aurora West Allis Medical Center and Larry Conrad. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of her affidavits, the court is satisfied that she meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff

has an income of $1100 per month and has monthly expenses of $1047. Therefore, her request to proceed in forma pauperis will be granted.

Plaintiff has also filed a letter in which she asks the court to appoint counsel for her. Section 1915(e)(1) provides that "[a] court may request an attorney to represent any person unable to afford counsel." When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it herself? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). In the present case, plaintiff has not demonstrated that she has made a reasonable attempt to secure counsel on her own, and therefore her motion will be denied without prejudice. If plaintiff contacts at least three attorneys who practice employment law and none agrees to represent her, she may resubmit her request for pro bono counsel.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS ADDITIONALLY ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(3), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. §§ 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not

made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiff, however, should provide defendants or their counsel with copies of all future motions or papers filed in this action.

**FINALLY, IT IS ORDERED** that plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 31day of August, 2010.

/s_____
LYNN ADELMAN
District Judge